**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | NO. 3:06-cr-31 |
| | ) | (3:10-cv-101) |
| GORDON BROWNLEE, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Notice of Appeal, filed by Petitioner, Gordon Brownlee, pro se, on November 8, 2010. Pursuant to Federal Rule of Appellate Procedure 22(b), this Court treats the notice of appeal as a petition for a certificate of appealability under 28 U.S.C. § 2253. For the reasons set forth below, Petitioner's notice of appeal, treated as a request for a certificate of appealability, is **DENIED**.

BACKGROUND

Brownlee was convicted by a jury of possession with intent to distribute over 1,000 plants of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was sentenced to 120 months imprisonment followed by 3 years of supervised release.

Brownlee timely filed a motion under section 2255 on March 22,

2010. That motion set forth 4 main arguments, all of which related to the claim of ineffectiveness of trial counsel: (1) for advising Brownlee to stipulate that the amount of marijuana plants was in excess of 1,000 plants; (2) for failing to move for the suppression of officers' testimony regarding the surveillance of the property where the marijuana was being grown; (3) for failing to call certain witnesses at trial; and (4) for not properly arguing the motion for acquittal during trial. This Court denied Brownlee's section 2255 petition in an order dated October 26, 2010, finding that Brownlee was indeed given effective assistance of counsel during his trial.

Brownlee filed the instant Notice of Appeal on November 8, 2010. Federal Rule of Appellate Procedure 22(b) provides that such notices shall be treated as requests for certificates of appealability under 28 U.S.C. § 2253.

DISCUSSION

In order to appeal this Court's denial of his section 2255 petition, Brownlee must obtain a certificate of appealability. Such a certificate may issue only if Brownlee "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has held that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253© is straightforward: The petitioner must

> demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court in *Slack* also established that to obtain a certificate of appealability for a denial of a section 2255 petition on procedural grounds, a petitioner must demonstrate (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A failure to establish either component is fatal. *Id.*

Here, Brownlee does not state any arguments in support of his notice of appeal. However, the Court's review of its October 26, 2010 order reveals that Brownlee is not entitled to a certificate of appealability. No reasonable jurist could find the Court's assessment of the constitutional claims of ineffective trial counsel debatable or wrong. The Court specifically addressed Brownlee's claims - Brownlee failed to show that his trial counsel's choices fell below an objective standard of reasonableness, and he did not establish that but for the alleged deficient performance, there is a reasonable probability that the trial would have turned out differently. *See Strickland v. Washington*, 466 U.S. 688, 693-94 (1984).

Finally, to the extent the denial of Brownlee's section 2255

3

petition could be construed as a procedural ruling, this Court finds that no jurist of reason would find it debatable whether this Court was correct in any procedural ruling barring Brownlee's claims.

CONCLUSION

For the aforementioned reasons, this Court finds that Brownlee's Notice of Appeal, construed as a request for a certificate of appealability, is **DENIED**.

**DATED: November 16, 2010**          /s/ RUDY LOZANO, Judge
                                                         **United States District Court**